**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IHEARTCOMMUNICATIONS, INC. f/k/a CLEAR CHANNEL COMMUNICATIONS, INC., *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIV. A. NO.  5:17-CV-00009 |
| BENEFIT STREET PARTNERS LLC, *et al.*, | § § § | |
| Defendants. | § § § § | |

**CERTAIN NOTEHOLDER DEFENDANTS' ORIGINAL ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFFS' FIRST AMENDED PETITION**

Subject to, and without waiving, their Rule 12(b)(6) Motion to Dismiss, Defendants Franklin Advisers, Inc., on behalf of certain funds it manages, OZ Management LP, on behalf of certain investments funds managed by it, OZ Management II LP, on behalf of certain investments funds managed by it, Benefit Street Partners L.L.C., Providence TMT Debt Opportunity Fund II L.P., Providence Debt Fund III Master (Non-US) L.P., Providence Debt Fund III L.P., Benefit Street Partners Capital Opportunity Fund L.P., PECM Strategic Funding L.P., Benefit Street Credit Alpha Fund Ltd., US High Yield Bond Fund, SEI Institutional Investments Trusts – High Yield Bond Fund, SEI Global Master Fund PLC – The SEI High Yield Fixed Income Fund, and Schroder GAIA (collectively, the "Certain Noteholder Defendants") file their Original Answer and Affirmative and Other Defenses to the First Amended Petition ("Petition") filed by Plaintiffs iHeartCommunications, Inc. f/k/a Clear

Channel Communications, Inc. ("iHeart") and Broader Media, LLC ("Broader Media") in Texas state court and state as follows:

**ANSWER**

1.      In response to paragraph 1 of the Petition, each of the Certain Noteholder Defendants admits that iHeart is a company that is incorporated in Texas but, on information and belief, further states that its "nerve center" is located in New York because New York is where its key executives work to direct, control, and coordinate iHeart's activities.  Each of the Certain Noteholder Defendants further admits that iHeart issued five series of Priority Guarantee Notes (the "Notes"), which are publicly traded debt instruments, and that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms.  Each of the Certain Noteholder Defendants also states, on information and belief, that the iHeart group of companies owns radio stations and admits that some of them own certain of the Notes at issue, and thus debt, at issue.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 1 of the Petition.  In response to footnote 1 appended to paragraph 1 of the Petition, each of the Certain Noteholder Defendants admits that Plaintiffs named as defendants Wilmington Trust National Association and U.S. Bank National Association and that defendants Wilmington Trust National Association and U.S. Bank National Association have certain roles as defined in the Indentures.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in footnote 1 of the Petition.

2.      Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 2 of the Petition.

3.      In response to paragraph 3 of the Petition, each of the Certain Noteholder Defendants admits that on December 3, 2015, iHeart subsidiary Clear Channel Holdings, Inc. transferred 100 million Class B shares of Clear Channel Outdoor Holdings, Inc. ("CCOH") stock to Broader Media (the "Transfer") and that iHeart filed a Schedule 13D/A on December 10, 2015.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 3 of the Petition.

4.      In response to paragraph 4 of the Petition, each of the Certain Noteholder Defendants admits that it issued Notices of Default on March 7, 2016.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 4 of the Petition.

5.      In response to paragraph 5 of the Petition, each of the Certain Noteholder Defendants admits that it asserted the Transfer violated §§ 4.10 and 4.11 of the Indentures.  The Transfer was not an "Investment" (as that term is defined by the Indentures) because it was not an "investment," as that word is commonly understood, and the Transfer was not an investment because it did not and was not intended to generate a profit for Broader Media (the transferee with respect to the Transfer) or Clear Channel Holdings, Inc. (the transferor with respect to the Transfer), and consequently, when iHeart caused the Transfer, iHeart defaulted under the Indentures.  Except as expressly admitted, each the Certain Noteholder Defendants denies the allegations contained in paragraph 5 of the Petition.

6.      In response to paragraph 6 of the Petition, each of the Certain Noteholder Defendants admits that it asserted the Transfer breached the Indentures because iHeart undervalued the CCOH Class B stock transferred to Broader Media and, based on public and unsealed admissions at the prior trial, iHeart internally assigned a much greater value to its

interests in CCOH Class B stock at or near the same time.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 6 of the Petition.

7.    In response to paragraph 7 of the Petition, each of the Certain Noteholder Defendants admits that some of iHeart's debt trades on a public market and states, upon information and belief, that iHeart maintains that it has traded some of its debt through privately negotiated transactions and through public tender offers in the past.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 7 of the Petition.

8.    In response to paragraph 8 of the Petition, each of the Certain Noteholder Defendants admits that: (1) iHeart filed a Verified Petition for a Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Relief (the "Verified Petition") in Bexar County District Court, case style *iHeartCommunications, Inc. f/k/a Clear Channel Communications, Inc. v. Benefit Street Partners LLC et al.*, Cause No. 2016CI04006, on March 7, 2016 and filed a First Amended Petition for a Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Declaratory Relief on March 8, 2016 (the "Amended Petition") on March 8, 2016; (2) each of the Certain Noteholder Defendants generally appeared in the case; (3) the Honorable Cathleen Stryker, 224th District Court, presided over a preliminary injunction hearing on April 4-6, 2016, and a trial on the merits on May 16-20, 2016; and (4) Judge Stryker granted in part iHeart's declaratory judgment and injunction request, as set out in Judge Stryker's May 24, 2016 Final Judgment and other relevant pleadings and filings, which are the best evidence of their terms.  Except as expressly admitted, each of the Certain

Noteholder Defendants denies the allegations contained in paragraph 8 and denies the allegations contained in footnote 2 appended to paragraph 8 of the Petition.

9.      In response to paragraph 9 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to (a) transactions in which Broader Media alleges it engaged in July 2016 and (b) what Broader Media would like to purchase in the future and, therefore, denies the allegations contained in the second and last sentences of paragraph 9.   Each of the Certain Noteholder Defendants denies the other allegations contained in paragraph 9 of the Petition.

10.     Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 10 of the Petition.

11.     Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 11 of the Petition.

12.     Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 12 of the Petition.

13.     In response to paragraph 13 of the Petition, each of the Certain Noteholder Defendants admits that iHeart considered Broader Media an "Unrestricted Subsidiary," but disputes the characterizations and implications of such a designation set forth in paragraph 13 of the Petition.   Each of the Certain Noteholder Defendants further states the Indentures entered into and the Offering Circulars issued in connection with the Notes are the best evidence of their contents, and therefore denies any allegations contained in paragraph 13 that are inconsistent with the contents of such Indentures and Offering Circulars.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 13 of the Petition.

14.    In response to paragraph 14 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations contained in paragraph 14 that are inconsistent with those terms.  Except as expressly admitted, each of Certain Noteholder Defendants denies the allegations contained in paragraph 14 of the Petition.

15.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 15 of the Petition.

16.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 16 of the Petition.

17.    Each of the Certain Noteholder Defendants admits that iHeart is a company that is incorporated in Texas but, on information and belief, further states that its "nerve center" is located in New York because New York is where its key executives work to direct, control, and coordinate iHeart's activities.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 17 of the Petition.

18.    Each of the Certain Noteholder Defendants admits that Broader Media is a Delaware limited liability company.  Each of the Certain Noteholder Defendants states, upon information and belief, that Broader Media is a wholly owned subsidiary of Clear Channel Holdings, Inc. and that Clear Channel Holdings, Inc. is a wholly owned subsidiary of iHeart. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 18 of the Petition.

19.    Defendant Benefit Street Partners L.L.C. admits that it controls or advises the following entities: Providence TMT Debt Opportunity Fund II L.P., Providence Debt Fund III Master (Non-US) L.P., Providence Debt Fund III L.P., Benefit Street Partners Capital

Opportunity Fund L.P., PECM Strategic Funding L.P., Benefit Street Credit Alpha Fund Ltd., US High Yield Bond Fund, SEI Institutional Investments Trusts – High Yield Bond Fund, SEI Global Master Fund PLC – The SEI High Yield Fixed Income Fund, and Schroder GAIA (the "Benefit Street Defendants"). Except as expressly admitted, the Benefit Street Defendants deny the allegations contained in paragraph 19 of the Petition. Defendant Benefit Street Partners L.L.C., is a Delaware limited liability company with its principal place of business in New York, New York. Defendant Providence TMT Debt Opportunity Fund II L.P., is a Cayman Islands exempted limited partnership with its principal place of business in New York, New York. Defendant Providence Debt Fund III Master (Non-US) L.P., is a Cayman Islands exempted limited partnership with its principal place of business in New York, New York. Defendant Providence Debt Fund III L.P., is a Delaware limited partnership with its principal place of business in New York, New York. Defendant Benefit Street Partners Capital Opportunity Fund L.P., is a Delaware limited partnership with its principal place of business in New York, New York. Defendant PECM Strategic Funding L.P., is a Cayman Islands exempted limited partnership with its principal place of business in New York, New York. Defendant Benefit Street Credit Alpha Fund Ltd., is a Cayman Islands exempted company with its principal place of business in New York, New York. Defendant US High Yield Bond Fund is an Ontario trust with its principal place of business in Toronto, Ontario. Defendant SEI Institutional Investments Trusts – High Yield Bond Fund is a Massachusetts trust with its principal place of business in Oaks, Pennsylvania. Defendant SEI Global Master Fund PLC – The SEI High Yield Fixed Income Fund is an Ireland variable limited liability investment company with its principal place of business in Ireland. Defendant Schroder GAIA is a Luxembourg corporation with its principal place of business in Luxembourg. OZ Management LP, on behalf of certain

investments funds managed by it, and OZ Management II LP, on behalf of certain investments funds managed by it (the "Och-Ziff Defendants"), and Defendant Franklin Advisers, Inc., on behalf of certain funds it manages ("Franklin Advisers"), lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Petition and, therefore, deny them.

20.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Petition and, therefore, denies them.

21.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Petition and, therefore, denies them.

22.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Petition and, therefore, denies them.

23.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Petition and, therefore, denies them.

24.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Petition and, therefore, denies them.

25.    Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Petition and, therefore, denies them.

26.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Petition and, therefore, denies them.

27.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition and, therefore, denies them.

28.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Petition and, therefore, denies them.

29.     Franklin Advisers admits the allegations contained in paragraph 29 of the Petition. The Benefit Street Defendants and Och-Ziff Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Petition and, therefore, deny them.

30.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Petition and, therefore, denies them.

31.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Petition and, therefore, denies them.

32.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Petition and, therefore, denies them.

33.    The Och-Ziff Defendants deny the allegations contained in paragraph 33 of the Petition, but further state that they are the investment managers for certain funds that hold the notes listed in paragraph 33 of the Petition.  Further, the Och-Ziff Defendants state that the Petition fails to allege any address or proper service information for them and they reserve all rights to object on these bases.  Franklin Advisers and the Benefit Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Petition and, therefore, deny them.

34.    No response to paragraph 34 is necessary as it is a legal conclusion regarding how iHeart chooses to refer to certain entities in its Petition.

35.    In response to paragraph 35 of the Petition, each of the Certain Noteholder Defendants admits that Defendant U.S. Bank National Association ("U.S. Bank") is named as a Defendant by Plaintiffs, is the trustee for the 9% 2019 Notes, the 11.25% 2021 Notes, the 9% 2022 Notes, and the 10.625% 2023 Notes, and is a federally chartered national banking association.    Each  of  the  Certain  Noteholder  Defendants  lacks  knowledge  or information  sufficient  to  form  a  belief  as  to  the  truth  of  the  allegations  contained  in paragraph 35 of the Petition and, therefore, denies them.

36.    In  response  to  paragraph  36  of  the  Petition,  each  of  the  Certain  Noteholder Defendant admits that Defendant Wilmington Trust, National Association, f/k/a Wilmington Trust FSB ("Wilmington") is named as a Defendant by Plaintiffs, is the trustee for the 9% 2021 Notes, and is a federally chartered national banking.  Each of the Certain Noteholder Defendants lacks  knowledge  or  information  sufficient  to  form  a  belief  as  to  the  truth  of  the  allegations contained in paragraph 36 of the Petition and, therefore, denies them.

37.     No response to paragraph 37 of the Petition is necessary as it is a legal conclusion regarding how iHeart chooses to refer to certain entities in its Petition.

38.     In response to paragraph 38 of the Petition, each of the Certain Noteholder Defendants admits that they are not contesting personal jurisdiction.   Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 38 of the Petition.

39.     Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Petition and, therefore, denies them.   The Trustee Defendants are named parties in this lawsuit filed by iHeart.

40.     In response to paragraph 40 of the Petition and footnote 3 appended to paragraph 40 of the Petition, each of the Certain Noteholder Defendants admits that the defendants other than the Certain Noteholder Defendants and Trustee Defendants filed Special Appearances in the Initial Litigation challenging the Bexar County District Court's personal jurisdiction over them and that on May 6, 2016, the Bexar County District Court issued an order on the special appearances.   The May 6, 2016 Order is the best evidence of its contents and each of the Certain Noteholder Defendants therefore denies any allegations contained in paragraph 40 that are inconsistent with the Order.   Each of the Certain Noteholder Defendants further admits that iHeart non-suited the Special Appearance Defendants on May 6, 2016 and that iHeart preceded to trial on the merits against the Certain Noteholder Defendants.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 40 of the Petition and footnote 3 appended to paragraph 40 of the Petition.

41.     In response to paragraph 41 of the Petition, each of the Certain Noteholder Defendants states that the transcript of the temporary injunction hearing and trial and all pre-and

post-trial briefing are the best evidence of their contents, and therefore denies any allegations contained in paragraph 41 that are inconsistent with the transcripts and filings.

42.     Paragraph 42 of the Petition is a state court pleading requirement that is a legal conclusion that the Certain Noteholder Defendants are not required to admit or deny upon removal.

43.     Paragraph 43 of the Petition is a state court pleading requirement that is a legal conclusion that the Certain Noteholder Defendants are not required to admit or deny upon removal.  The heading numbered roman numeral I under Nature of the Case is not a factual allegation that requires a response.  To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

44.     Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 44 of the Petition.

45.     In response to paragraph 45 of the Petition, each of the Certain Noteholder Defendants admits that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms, and therefore denies any allegations contained in paragraph 45 that are inconsistent with those terms.  Each of the Certain Noteholder Defendants also admit that some of them own certain of the Notes at issue.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 45 of the Petition.

46.     In response to paragraph 46 of the Petition, each of the Certain Noteholder Defendants admits that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms, and therefore denies any allegations contained in paragraph 46 that are inconsistent with those terms.  Each of the Certain Noteholder Defendants states, upon information and belief, that it is not currently aware of iHeart missing an interest payment to the

Certain Noteholder Defendants on the Notes.  Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding payments to other parties.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 46 of the Petition.

47.    In response to paragraph 47 of the Petition, each of the Certain Noteholder Defendants admits that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms, and therefore denies any allegations contained in paragraph 47 that are inconsistent with those terms.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 47 of the Petition.

48.    In response to paragraph 48 of the Petition, each of the Certain Noteholder Defendants admits that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms, and therefore denies any allegations contained in paragraph 48 that are inconsistent with those terms.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 48 of the Petition.

49.    In response to paragraph 49 of the Petition, each of the Certain Noteholder Defendants admits that the Notes are subject to certain Indentures, which are contracts that are the best evidence of their terms.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 49 of the Petition.

50.    In response to paragraph 50 of the Petition, each of the Certain Noteholder Defendants admits that Goldman Sachs, among others, was an underwriter for the first series of Notes issued in 2011.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 50 of the Petition.

51.     Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 51 of the Petition.

52.     In response to paragraph 52 of the Petition, each of the Certain Noteholder Defendants admits that iHeart issued Offering Circulars in connection with the Notes.  Each of the Certain Noteholder Defendants further states the Offering Circulars are the best evidence of their contents, and therefore denies any allegations contained in paragraph 52 that are inconsistent with the Offering Circulars.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 52.  The heading numbered roman numeral III under Nature of the Case is not a factual allegation that requires a response.  To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

53.     In response to paragraph 53 of the Petition, each of the Certain Noteholder Defendants admits that some of iHeart's debt trades on a public market.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 53 of the Petition.

54.     In response to paragraph 54 of the Petition, each of the Certain Noteholder Defendants admits that iHeart considered Broader Media an "Unrestricted Subsidiary" and Clear Channel Holdings, Inc. a "Restricted Subsidiary," but disputes the characterizations and implications of such a designation.  Further, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations contained in paragraph 54 that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 54.  In response to footnote 4 appended to paragraph 54 of the Petition, each of the Certain Noteholder Defendants

states, upon information and belief, that: (1) CCOH is an indirect partially owned subsidiary of iHeart; (2) CCOH had two classes of stock at the time of the Transfer, Class A and Class B; (3) the Class A shares are publicly traded on the New York Stock Exchange; (4) the Class B shares are not publicly traded and, on information and belief, have never been publicly traded; and (5) each Class A share is entitled to one vote, and each Class B share is entitled to twenty votes. Each of the Certain Noteholder Defendants further states that CCOH's Articles of Incorporation are the best evidence of their contents, and, therefore, denies any allegations contained in footnote 4 appended to paragraph 54 of the Petition that are inconsistent with CCOH's Articles of Incorporation.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in footnote 4 appended to paragraph 54 of the Petition.

55.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 55 of the Petition.

56.    In response to paragraph 56 of the Petition, each of the Certain Noteholder Defendants admits that Clear Channel Holdings, Inc. transferred 100 million Class B shares of CCOH stock to Broader Media on or about December 3, 2015.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 56 of the Petition.

57.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 57 of the Petition.

58.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 58 of the Petition.

59.    In response to paragraph 59 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any

allegations contained in paragraph 59 that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 59 of the Petition.

60.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 60 of the Petition.

61.    In response to paragraph 61 of the Petition, each of the Certain Noteholder Defendants admits that: (1) the closing price of the CCOH Class A shares was $5.16 per share on the date of the Transfer; and (2) $5.16 multiplied by 100 million shares is $516 million.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 61 of the Petition.

62.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 62 of the Petition.

63.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 63 of the Petition.

64.    In response to paragraph 64 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding exactly how iHeart tracks its baskets under the Indentures and, on these bases, denies this portion of paragraph 64.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 64 of the Petition.

65.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 65 of the Petition.

66.    In response to paragraph 66 of the Petition, each of the Certain Noteholder Defendants admits that iHeart filed a Schedule 13D/A on December 10, 2015, in which iHeart

stated that the transfer was "for no consideration, to provide greater flexibility in support of future financing transactions." Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 66 of the Petition. The heading numbered roman numeral IV under Nature of the Case is not a factual allegation that requires a response. To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

67.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 67 of the Petition.

68.    In response to paragraph 68 of the Petition, each of the Certain Noteholder Defendants admits that it retained Jones Day as its counsel and PJT Partners as its financial advisors. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 68 of the Petition.

69.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 69 of the Petition.

70.    In response to paragraph 70 of the Petition, each of the Certain Noteholder Defendants admits that it is aware a letter was sent on January 5, 2016, from the Certain Noteholder Defendants' counsel in California, to iHeart's counsel in Illinois (the "January 5 Letter"). The January 5 Letter is the best evidence of its contents, and each of the Certain Noteholder Defendants denies any allegations that are inconsistent with the January 5 Letter. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 70 of the Petition.

71.    In response to paragraph 71 of the Petition, each of the Certain Noteholder Defendants admits that it is aware of the January 5 Letter. The January 5 Letter is the best

evidence of its contents, and, therefore, each of the Certain Noteholder Defendants denies any allegations that are inconsistent with the January 5 Letter.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 71 of the Petition.

72.    In response to paragraph 72 of the Petition, each of the Certain Noteholder Defendants states that it is aware of the January 5 Letter.  The January 5 Letter is the best evidence of its contents, and, therefore, each of the Certain Noteholder Defendants denies any allegations that are inconsistent with the January 5 Letter.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 72 of the Petition.

73.    In response to paragraph 73 of the Petition, each of the Certain Noteholder Defendants states that it is aware of the January 5 Letter.  The January 5 Letter is the best evidence of its contents, and, therefore, each of the Certain Noteholder Defendants denies any allegations that are inconsistent with the January 5 Letter.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 73 of the Petition.

74.    In response to paragraph 74 of the Petition, each of the Certain Noteholder Defendants states that it is aware of a letter received on January 15 from iHeart's counsel in Washington, D.C. by the Certain Noteholder Defendants' counsel in California (the "January 15 Response").  The January 15 Response is the best evidence of its contents, and, therefore, each of the Certain Noteholder Defendants denies any allegations that are inconsistent with the January 15 Response.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 74 of the Petition.

75. Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 75 of the Petition.

76. In response to paragraph 76 of the Petition, Franklin Advisers admits that Brian Coleman spoke with Jonathan G. Belk, an employee of Franklin Advisers, by telephone on or around February 10, 2016. Except as expressly admitted, Franklin Advisers denies the allegations contained in paragraph 76 of the Petition. The Benefit Street Defendants and Och-Ziff Defendants deny that Mr. Belk is their agent or "negotiator", and further state that they lack knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny the allegations contained in paragraph 76 of the Petition.

77. In response to paragraph 77 of the Petition, Franklin Advisers admits that Brian Coleman spoke with Jonathan G. Belk, an employee of Franklin Advisers, by telephone on or around February 10, 2016. Except as expressly admitted, Franklin Advisers denies the allegations contained in paragraph 77 of the Petition. The Benefit Street Defendants and Och-Ziff Defendants deny that Mr. Belk is their agent or "negotiator", and further state that they lack knowledge or information sufficient to form a belief as to the truth of iHeart's allegations regarding Mr. Belk's conversations with Mr. Coleman, and, therefore, deny them.

78. In response to paragraph 78 of the Petition, Franklin Advisers admits that Brian Coleman spoke with Jonathan G. Belk, an employee of Franklin Advisers, by telephone on or around February 10, 2016. Except as expressly admitted, Franklin Advisers denies the allegations contained in paragraph 78 of the Petition. The Benefit Street Defendants and Och-Ziff Defendants lack knowledge or information sufficient to form a belief as to the truth of iHeart's allegations regarding Mr. Belk's conversations with Mr. Coleman, and, therefore, deny them.

79.    In response to paragraph 79 of the Petition, each of the Certain Noteholder Defendants admits that it is aware that the Certain Noteholder Defendants' counsel in California sent a letter to iHeart's counsel in Chicago, Illinois, and Washington, D.C. on or around February 11, 2016 (the "February 11 Letter").  The February 11 Letter is the best evidence of its contents, and, therefore, each of the Certain Noteholder Defendants denies any allegations contained in paragraph 79 that are inconsistent with the February 11 Letter.  Moreover, each of the Certain Noteholder Defendants states that the Indentures, which are the best evidence of their terms, require Holders (as defined in the Indentures) of not less than 25.0% in principal amount of the then outstanding Notes (with a copy to the Trustee (as defined in the Indentures)) to provide written notice that requests the issuer or any guarantor to comply with certain of its obligations, covenants or agreements contained in the Indentures within 60 days prior to the occurrence of an "Event of Default."   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 79 of the Petition.

80.    In response to paragraph 80 of the Petition, each of the Certain Noteholder Defendants states that the draft Notices of Default that accompanied the February 11 Letter are the best evidence of their contents, and, therefore, denies any allegations contained in paragraph 80 that are inconsistent with the draft Notices of Default.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 80 of the Petition.

81.    In response to paragraph 81 of the Petition, each of the Certain Noteholder Defendants states that the draft Standstill Agreement that accompanied the February 11 Letter is the best evidence of its contents, and, therefore, denies any allegations contained in paragraph 81 that are inconsistent with the draft Standstill Agreement.  Except as expressly admitted, each of

the Certain Noteholder Defendants denies the allegations contained in paragraph 81 of the Petition.

82.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 82 of the Petition.

83.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 83 of the Petition.

84.    In response to paragraph 84 of the Petition, each of the Certain Noteholder Defendants admits that some of iHeart's debt is publicly traded and that some of that debt is owned by investors outside the group of iHeart companies.  Each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of iHeart's allegations regarding the advice iHeart received from its financial advisor, iHeart's considerations, and the transactions undertaken by iHeart's subsidiaries and, therefore, denies them.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 84 of the Petition.

85.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 85 of the Petition.

86.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 86 of the Petition.

87.    In response to paragraph 87 of the Petition, Franklin Advisers admits that Mr. Belk and Mr. Coleman had one or more telephone conversations.  Except as expressly admitted, Franklin Advisers denies the allegations contained in paragraph 87 of the Petition.  The Benefit Street Defendants and Och-Ziff Defendants lack knowledge or information sufficient to form a

belief as to the truth of iHeart's allegations regarding Mr. Belk's telephone conversations with Mr. Coleman, and, therefore, deny them.

88.     Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 88 of the Petition.  The heading numbered roman numeral V under Nature of the Case is not a factual allegation that requires a response.  To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

89.     In response to paragraph 89 of the Petition, each of the Certain Noteholder Defendants admits that iHeart filed the Verified Petition on March 7, 2016.  Each of the Certain Noteholder Defendants further states that the Verified Petition is the best evidence of its contents, and therefore denies any allegations that are inconsistent with the Verified Petition.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 89 of the Petition.

90.     In response to paragraph 90 of the Petition, Defendant Franklin Advisers admits that on or around March 7, 2016, on behalf of funds that it manages, it issued Notices of Default with respect to the 9.0% Priority Guarantee Notes due in 2019 (the "9% 2019 Notes"), the 9.0% Priority Guarantee Notes due in 2021 (the "9% 2021 Notes"), the 9.0% Priority Guarantee Notes due in 2022 (the "9% 2022 Notes"), and the 10.625% Priority Guarantee Notes due in 2023 (the "10.625% 2023 Notes"); the Och-Ziff Defendants admit that on or around March 7, 2016, they issued Notices of Default on the 9% 2019 Notes, the 9% 2022 Notes, and the 10.625% 2023 Notes; and the Benefit Street Defendants admit that on or around March 7, 2016, they issued Notices of Default on the 9% 2021 Notes, 9% 2022 Notes, and 10.625% 2023 Notes.  Each of the Certain Noteholder Defendants further states that the Notices of Default are the best evidence of their contents, and therefore denies any allegations contained in paragraph 90 that are

inconsistent with the Notices of Default.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 90 of the Petition.   In response to footnote 5 appended to paragraph 90 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Canyon, and therefore denies those allegations.   Each of the Certain Noteholder Defendants denies the allegations contained in footnote 5 appended to paragraph 90 of the Petition.

91.   In response to paragraph 91 of the Petition, each of the Certain Noteholder Defendants admits that the Certain Noteholder Defendants' counsel in California sent the Notices of Default to iHeart's counsel in Washington, D.C. and Chicago and, as required by the Indentures, the Certain Noteholder Defendants' counsel in California also sent them to iHeart's Texas address.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 91 of the Petition.

92.   In response to paragraph 92 of the Petition, each of the Certain Noteholder Defendants admits that iHeart made a SEC filing on March 8, 2016, noting iHeart's initiation of the lawsuit the previous day and the issuance of the Notices of Default.   Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 92 of the Petition.

93.   Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 93 of the Petition.

94.   In response to paragraph 94 of the Petition, each of the Certain Noteholder Defendants states that the Notices of Default and the January 5 Letter are the best evidence of

their contents, and therefore denies any allegations contained in paragraph 94 of the Petition that are inconsistent with the Notices of Default.

95.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 95 of the Petition.

96.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 96 of the Petition.

97.    In response to paragraph 97 of the Petition and footnotes 6 and 7 appended to paragraph 97 of the Petition, each of the Certain Noteholder Defendants states that the transcript of the trial is the best evidence of its contents, and therefore denies any allegations contained in paragraph 97 of the Petition and footnotes 6 and 7 appended to paragraph 97 of the Petition that are inconsistent with the transcript.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 97 of the Petition and footnotes 6 and 7 appended to paragraph 97 of the Petition.

98.    In response to paragraph 98 of the Petition, each of the Certain Noteholder Defendants admits that it learned iHeart valued the privately-held, super-voting Class B shares transferred to Broader Media by using the closing price of the Class A shares on the New York Stock Exchange.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 98 of the Petition.

99.    In response to paragraph 99 of the Petition and footnote 8 appended to paragraph 99 of the Petition, each of the Certain Noteholder Defendants states that the press release and the transcript of the trial are the best evidence of their contents, and therefore denies any allegations that are inconsistent with the press release and transcript.  Except as expressly

admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 99 of the Petition and footnote 8 appended to paragraph 99 of the Petition.

100.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 100 of the Petition.

101.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 101 of the Petition.

102.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 102 of the Petition.

103.    In response to paragraph 103 of the Petition, each of the Certain Noteholder Defendants admits that iHeart filed the Amended Petition, and that the case was assigned to Judge Cathleen Stryker.  Each of the Certain Noteholder Defendants further states the Amended Petition is the best evidence of its contents, and therefore denies any allegations that are inconsistent with the Amended Petition.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 103 of the Petition.

104.    In response to paragraph 104 of the Petition, each of the Certain Noteholder Defendants admits that the Court issued a temporary restraining order ("TRO") on March 9, 2016.  Each of the Certain Noteholder Defendants further states the TRO is the best evidence of its contents, and therefore denies any allegations that are inconsistent with the TRO. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 104 of the Petition.

105.    In response to paragraph 105, each of the Certain Noteholder Defendants admits that: (1) there was a hearing on April 4 and 5, 2016 regarding iHeart's application for a temporary injunction and (2) before the Court ruled on the application, the Court extended the

terms of the TRO by agreement of the parties until the conclusion of a trial on the merits. The Court's order extending the terms of the TRO is the best evidence of its contents. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 105 of the Petition.

106.    In response to paragraph 106 of the Petition, each of the Certain Noteholder Defendants admits that the Court conducted a trial on the merits from May 16 through May 20, 2016, that the trial record incorporated the testimony and exhibits admitted in the temporary injunction hearing, and that the Court issued its Final Judgment on May 24, 2016, among other post-trial orders and submissions. Each of the Certain Noteholder Defendants further states the Final Judgment and other post-trial orders and submissions are the best evidence of their contents, and therefore denies any allegations that are inconsistent with the filings. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 106 of the Petition.

107.    In response to paragraph 107 of the Petition, each of the Certain Noteholder Defendants states the Final Judgment is the best evidence of its contents, and therefore denies any allegations that are inconsistent with the Final Judgment. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 107 of the Petition. The heading numbered roman numeral VI under Nature of the Case is not a factual allegation that requires a response. To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

108.    In response to paragraph 108 of the Petition, each of the Certain Noteholder Defendants states the transcripts from the temporary injunction hearing and trial are the best evidence of the contents of what was stated at the temporary injunction hearing and trial, and

therefore denies any allegations that are inconsistent with those transcripts. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 108 of the Petition.

109. In response to paragraph 109 of the Petition, each of the Certain Noteholder Defendants states the transcripts from the temporary injunction hearing and trial are the best evidence of the contents of what was stated at the temporary injunction hearing and trial, and therefore denies any allegations that are inconsistent with those transcripts. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 109 of the Petition.

110. Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 110 of the Petition.

111. Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 111 of the Petition. The heading numbered roman numeral VII under Nature of the Case is not a factual allegation that requires a response. To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

112. In response to paragraph 112 of the Petition, each of the Certain Noteholder Defendants states the Final Judgment and trial transcript are the best evidence of the contents of what occurred at the trial, and therefore denies any allegations that are inconsistent with the transcripts and filings. Further, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Broader Media's proposed transactions in July 2016, and, therefore, denies those allegations. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 112 of the Petition.

113.    In response to paragraph 113 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Broader Media's transactions in July 2016, and, therefore, denies those allegations.  Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 113 of the Petition.

114.    In response to paragraph 114 of the Petition, each of the Certain Noteholder Defendants admits that Broader Media is an indirect, wholly-owned subsidiary of iHeart.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 114 of the Petition.

115.    In response to paragraph 115 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding transactions Broader Media desires to implement, and, therefore, denies the allegations contained in paragraph 115 of the Petition.  Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 115 of the Petition.

116.    In response to paragraph 116 of the Petition, each of the Certain Noteholder Defendants states that the Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 116 of the Petition.

117.    In response to paragraph 117 of the Petition, each of the Certain Noteholder Defendants states the Offering Circulars and Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 117 of the Petition.

118.    In response to paragraph 118 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 118 of the Petition.

119.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 119 of the Petition.

120.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 120 of the Petition.

121.    In response to paragraph 121 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 121 of the Petition.

122.    In response to paragraph 122 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 122 of the Petition.

123.    In response to paragraph 123, including subsections (a) and (b), of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any allegations that are inconsistent with those terms in paragraph 123 and subsections (a) and (b) of the Petition.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 123 of the Petition.  In response to footnote 9 appended to paragraph 123 of the Petition, each of the Certain Noteholder Defendants states the Indentures are the best evidence of their terms, and therefore denies any

allegations that are inconsistent with those terms.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in footnote 9 appended to paragraph 123 of the Petition.

124.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 124 of the Petition.  The heading numbered roman numeral VIII under Nature of the Case is not a factual allegation that requires a response.  To the extent a response is required, each of the Certain Noteholder Defendants denies such allegations.

125.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 125 of the Petition.

126.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 126 of the Petition.

127.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 127 of the Petition.

128.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 128 of the Petition.

129.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 129 of the Petition.

130.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 130 of the Petition.

131.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 131 of the Petition.

## PLAINTIFFS' ALLEGED CAUSES OF ACTION

## COUNT I

132.    In response to paragraph 132 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-131 above, and the footnotes appended to same, as if fully restated herein.

133.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 133 of the Petition.

134.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 134 of the Petition.

135.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 135 of the Petition.

136.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 136, including subsections (a) through (d), of the Petition.

137.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 137 of the Petition.

138.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 138 of the Petition.

139.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 139 of the Petition.

140.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 140 of the Petition.

## COUNT II

141.    In response to paragraph 141 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-140 above, and the footnotes appended to same, as if fully restated herein.

142.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 142 of the Petition.

143.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 143 of the Petition.

144.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 144 of the Petition.

145.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 145 of the Petition.

146.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 146 of the Petition.

147.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 147 of the Petition.

148.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 148 of the Petition.

## COUNT III

149.    In response to paragraph 149 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-148 above, and the footnotes appended to same, as if fully restated herein.

150.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 150 of the Petition.

151.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 151 of the Petition.

152.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 152 of the Petition.

153.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 153 of the Petition.

154.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 154 of the Petition.

155.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 155 of the Petition.

156.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 156 of the Petition.

157.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 157 of the Petition.

## COUNT IV

158.    In response to paragraph 158 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-157 above, and the footnotes appended to same, as if fully restated herein.

159.    Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 159 of the Petition.

160.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 160 of the Petition.

161.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 161 of the Petition.

162.    In response to paragraph 162 of the Petition, each of the Certain Noteholder Defendants admits that it pursued its rights in accordance with the Indentures.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 162 of the Petition.

163.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 163 of the Petition.

164.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 164 of the Petition.

165.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 165 of the Petition.

166.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 166 of the Petition.

167.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 167 of the Petition.

## COUNT V

168.    In response to paragraph 168 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-167 above, and the footnotes appended to same, as if fully restated herein.

169.    Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 169 of the Petition, but denies that Plaintiffs are entitled to any relief whatsoever.

170.    Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 170 of the Petition based on public disclosures from iHeart, but denies that Plaintiffs are entitled to any relief whatsoever.

171.    In response to paragraph 171 of the Petition, each of the Certain Noteholder Defendants states the transcripts and filings in the initial litigation are the best evidence of the contents of what was argued, and therefore denies any allegations that are inconsistent with those transcripts and filings.  Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 171 of the Petition.

172.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 172 of the Petition.

173.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 173 of the Petition.

174.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 174 of the Petition.

175.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 175 of the Petition.

176.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 176 of the Petition.

177.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 177 of the Petition.

178.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 178 of the Petition.

179.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 179 of the Petition.

180.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 180 of the Petition.

## COUNT VI

181.    In response to paragraph 181 of the Petition, each of the Certain Noteholder Defendants repeats and re-alleges its responses to Paragraphs 1-180 above, and the footnotes appended to same, as if fully restated herein.

182.    Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 182 of the Petition, but denies that Plaintiffs are entitled to any relief whatsoever.

183.    Each of the Certain Noteholder Defendants admits the allegations contained in paragraph 183 of the Petition, but denies that Plaintiffs are entitled to any relief whatsoever.

184.    In response to paragraph 184 of the Petition, each of the Certain Noteholder Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Broader Media's intentions with respect to future transactions, and, therefore, denies the allegations contained in paragraph 184 of the Petition. Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 184 of the Petition.

185.    In response to paragraph 185 of the Petition, each of the Certain Noteholder Defendants states the transcripts and filings in the initial litigation are the best evidence of their contents, and therefore denies any allegations contained in paragraph 185 of the Petition that are inconsistent with those transcripts and filings. Except as expressly admitted, each of the Certain Noteholder Defendants denies the allegations contained in paragraph 185 of the Petition.

186.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 186 of the Petition.

187.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 187 of the Petition.

188.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 188 of the Petition.

189.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 189 of the Petition.

190.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 190 of the Petition.

191.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 191 of the Petition.

192.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 192 of the Petition.

193.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 193 of the Petition.

194.    Each of the Certain Noteholder Defendants denies the allegations contained in paragraph 194 of the Petition.

195.    Each of the Certain Noteholder Defendants asserts that all allegations not expressly admitted are denied.

196.    To the extent required, each of the Certain Noteholder Defendants denies that Plaintiffs are entitled to any relief requested in the Petition, including the relief requested in subsections (a) through (g) under Plaintiffs' Prayer for Relief, and respectfully requests that Plaintiffs take nothing by this suit.

197.    Each of the Certain Noteholder Defendants further requests that it recover its attorneys' fees and costs, and such other relief to which it is justly entitled.

## AFFIRMATIVE AND OTHER ADDITIONAL DEFENSES

198.    Each of the Certain Noteholder Defendants incorporates all statements made in the separately filed Rule 12(b)(6) Motion to Dismiss Counts I Through IV as if set forth fully in this section.

199.    Without conceding that it bears the burden of proof or persuasion on any of the following defenses, each of the Certain Noteholder Defendants asserts the following separate affirmative and other additional defenses in response to the allegations raised by Plaintiffs.

Trust Indenture Act.

200.    Plaintiffs devised a scheme to undermine the protections provided to the Certain Noteholder Defendants under the Indentures and the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq.  The Certain Noteholder Defendants and other creditors loaned iHeart billions of dollars on the understanding that the Notes would take priority over iHeart's other considerable debt.  And they did so with the knowledge that, under the Indentures governing the Notes, iHeart could not undermine that priority and diminish the value of the Notes by repurchasing limitless amounts of junior debt before the Notes came due.

201.    But iHeart is a company on a path to insolvency.  It has approximately $20 billion in outstanding debt, with considerable amounts coming due over the next few years.  In addition, it has lost hundreds of millions of dollars a year over the past five years, with no reasonable prospect that its chief assets and businesses will somehow become much more profitable in the near future.  It faces considerable restrictions on its ability to sell off existing assets, as well as on its ability to refinance or borrow yet more money to meet its existing obligations and immediate cash needs.

202.    iHeart's bleak condition put it to a choice: it could either continue down the path to insolvency or seek a negotiated, out-of-court restructuring with the consent of all affected creditors.  Instead of pursuing either of these legitimate options, it tried to prolong the inevitable by buying up some of its own junior debt, most of which matures before the Notes, without the consent of the Certain Noteholder Defendants or other affected creditors.  Acting through its subsidiary Broader Media, it purchased hundreds of millions of dollars worth of its junior debt (in the form of 10.0% Senior Notes due 2018), using assets derived from another iHeart

subsidiary pursuant to the December 2015 asset transfer.  As its Petition confirms, it intends to engage in an unlimited number of similar transactions going forward.

203.    iHeart's debt-repurchase scheme impairs the Certain Noteholder Defendants' rights to receive payment on the Notes.  iHeart's out-of-court restructuring upends the priority provisions undergirding iHeart's debt structure by, among other things, providing partial recovery to holders of junior indebtedness while permanently impairing the recovery of holders of the Notes—including the Certain Noteholder Defendants—whom hold debt that is senior to such junior debt.  By decreasing the amount of assets available to repay the Notes, iHeart's out-of-court restructuring also materially impairs the rights of holders of the Notes to receive payment by decreasing the assets available to repay such Notes.  The iHeart group of companies' true purpose is to restructure an unmanageable wall of debt in a forum, and through a process, that is not proper, nor allowed, under applicable law at the expense of the Certain Noteholder Defendants.

204.    Section 316(b) of the TIA provides that "[n]otwithstanding any other provision of the indenture to be qualified, the right of any holder of any indenture security to receive payment of the principal of and interest on such indenture security . . . shall not be impaired or affected without the consent of such holder[.]"  15 U.S.C. § 77ppp(b).  Section 316(b) protects holders from actions that "impair" or "affect" their "right . . . to receive payment," regardless of the terms of their indenture.

205.    The Notes are governed by the TIA.  Section 316 of the TIA prohibits Plaintiffs' scheme to impair or affect the rights of holders of the Notes to receive payment.  Plaintiffs' claims therefore are barred by the TIA, void as against public policy, and unenforceable.

*Res Judicata* And Preclusion.

206.    There is no viable claim against the Certain Noteholder Defendants, nor could there be in this case.  This is the second litigation in the past year filed by iHeart arising out of a dispute between iHeart and the Certain Noteholder Defendants about the protections afforded the Certain Noteholder Defendants by the Indentures in which iHeart seeks coercive relief.  In the first lawsuit, iHeart sought and was awarded declaratory and permanent injunctive relief in the form of a final judgment.  iHeart and Broader Media now seek damages based on the same subject matter and factual bases as the first lawsuit.  In addition, iHeart was not successful on claims central to the tort claims, including its claim that the Certain Noteholder Defendants acted in bad faith.

207.    For these reasons and other reasons set forth in Certain Noteholder Defendants' Motion to Dismiss, Plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel, claim preclusion and/or issue preclusion, election of remedies, and the one satisfaction rule, and should be dismissed.

Other Defenses.

208.    Plaintiffs failed to state a claim upon which relief may be granted.

209.    Plaintiffs' claims are barred because they were not stated with the requisite specificity.  This includes, but is not limited to, the fact that Plaintiffs' claims are barred because the Petition fails to plead fraud with particularity.

210.    As set forth in Certain Noteholder Defendants' Motion to Dismiss, Plaintiffs' claims are barred by the *Noerr-Pennington* doctrine, which immunizes the Certain Noteholder Defendants from suit based on their litigation and in-anticipation-of-litigation conduct.

211.   Plaintiffs' claims are barred by the United States and Texas Constitutions, void as against public policy, and unenforceable.  This includes, but is not limited to, the fact that the First Amendment to the United States Constitution protects all alleged actions of the Certain Noteholder Defendants in this matter.

212.   Plaintiffs' claims are barred by the adjudicatory privilege and other privileges applicable to statements made during the course of litigation, settlement discussions, and/or any other pre-suit or in-suit communications.

213.   Plaintiffs' claims are barred by the doctrines of justification, privilege and/or immunity (whether absolute, qualified, or otherwise).  This includes, but is not limited to, the fact that Plaintiffs' claims are barred because the Certain Noteholder Defendants' actions were within the rights or powers conferred upon them by the relevant Indentures and that the Certain Noteholder Defendants' actions were protected by the United States and Texas Constitutions.

214.   Plaintiffs' claims are barred by the doctrines of excuse and/or enforcement of a party's own contractual rights.  This includes, but is not limited to, the fact that Plaintiffs' claims are barred because Plaintiffs breached, and/or materially breached, their contractual obligations in the Indentures, excusing any actions by the Certain Noteholder Defendants.

215.   The Certain Noteholder Defendants request this Court to submit the following inferential-rebuttal defense raised by the evidence: (a) Plaintiffs' damages were caused solely by the acts and/or omissions of others, for which the Certain Noteholder Defendants are not liable; and (b) Plaintiffs' damages were the result of a new and independent cause, for which the Certain Noteholder Defendants are not liable.

216.   Plaintiffs' claims are barred because Plaintiffs' alleged damages are speculative, uncertain, remote, or contingent and are not recoverable.

217.    Plaintiffs' claims are barred, in whole or in part, because any injury that Plaintiffs may have suffered was proximately caused or contributed to by the acts or omissions of Plaintiffs' own actions, caused by market forces, and/or the actions or omissions of others.

218.    Plaintiffs' claims are barred because the alleged damages were not caused by the Certain Noteholder Defendants, but by an independent intervening cause.

219.    Plaintiffs' claims are barred because of the failure to mitigate the alleged damages resulting from the Certain Noteholder Defendants' claimed wrongdoing.

220.    Plaintiffs' claims for declaratory judgments are barred because they do not present a justiciable controversy as to the rights and status of the parties that can or should be resolved by the declarations sought.

221.    Plaintiffs' claims are barred by the defenses of contributory negligence, comparative negligence, comparative fault, and third-party negligence.  The Certain Noteholder Defendants invoke the contribution provisions and proportionate responsibility provisions of all applicable rules, cases, statutes, or constitutional provisions in Texas or elsewhere as appropriate.

222.    If the Certain Noteholder Defendants are found liable for damages, they intend to seek a reduction of damages under the applicable proportionate-responsibility statute and any other applicable rules, cases, statutes, or constitutional provisions in Texas or elsewhere as appropriate.

223.    To the extent Plaintiffs seek exemplary or punitive damages under Texas or Federal law, those damages must be capped under the Texas Damages Act and the Due Process Clauses of the United States and Texas Constitutions.  Further, any award of exemplary or punitive damages against the Certain Noteholder Defendants would be unconstitutional under the United States and Texas Constitutions.   The Certain Noteholder Defendants also

specifically invoke all of the protections and requirements under TEX. CIV. PRAC. & REM. CODE CHAPTER 41 and any other applicable rule, case, statute, or constitutional provision related to the request for exemplary or punitive damages in Texas or elsewhere as appropriate. To the extent exemplary or punitive damages are sought under any other law, the Certain Noteholder Defendants invoke all applicable rules, cases, statutes, or constitutional provisions related to the request for exemplary or punitive damages.

224.    The Certain Noteholder Defendants deny that the award of costs and expenses is appropriate in this matter and Plaintiffs have not met the requirements for such an award. To the extent the Court determines that Chapter 37 of the Texas Civil Practice and Remedies Code is applicable, the Certain Noteholder Defendants request that Plaintiffs be denied all relief and that the Certain Noteholder Defendants be awarded their reasonable costs and expenses incurred in this action, including expert fees and attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009.

225.    With respect to Plaintiffs' declaratory judgment counts, New York law applies to the interpretation of the relevant Indentures pursuant to the choice of law clause in the Indentures.

226.    Plaintiffs' claims are barred by the doctrines of unclean hands and/or *in pari delicto*.

227.    Plaintiffs' claims are barred by the doctrines of estoppel (including but not limited to judicial estoppel), waiver, and/or laches.

228.    Plaintiffs' claims are barred by the doctrine of ratification.

229.    Plaintiffs' tortious interference with prospective business relations claims are barred because the Petition fails to allege that the Certain Noteholder Defendants had knowledge of a specific prospective business relationship between Plaintiffs and a third party.

230.    Plaintiffs' tortious interference with prospective business relations claims are barred because the Petition fails to allege that they would have received contracts but-for the Certain Noteholder Defendants' acts.

231.    Plaintiffs' tortious interference with prospective business relations claims are barred because the Petition fails to allege that the Certain Noteholder Defendants directly interfered with a third party, employed wrongful means, or acted for the sole purpose of inflicting intentional harm on Plaintiffs.

232.    Plaintiffs' tortious interference with prospective business relations claims are barred with regard to the defamation allegations as any alleged statements were truthful.

233.    Plaintiffs' tortious interference with prospective business relations claims are barred with regard to the fraud allegations as any alleged statements were truthful and/or there was not actual or justifiable reliance by Plaintiffs with regard to the claimed conduct.

234.    Plaintiffs' economic duress claim is barred because economic duress is not a cognizable cause of action.

235.    Plaintiffs' economic duress claim is barred because iHeart was not without legal recourse related to any alleged acts.

236.    Plaintiffs' civil conspiracy claims are barred because the Petition fails to allege that the object and means of the alleged conspiracy were illegal and without legal or social justification and excuse.

237.    Plaintiffs' civil conspiracy claims are barred because there is no cause of action for conspiracy for lawful acts performed in a lawful manner merely because they have resulted in alleged damage to Plaintiffs.

238.    Plaintiffs' claims for breach of the covenant of good faith and fair dealing is not a cognizable cause of action.

239.    Plaintiffs' claims are barred by the economic loss doctrine or any similar doctrine that prohibits attempts to turn a claimed contract claim into an alleged tort claim.

240.    The Certain Noteholder Defendants do not knowingly or intentionally waive any applicable affirmative or other defenses not stated above, and reserve the right to assert and rely on such other applicable affirmative or other defenses as may later become available or apparent. The Certain Noteholder Defendants further reserve the right to amend their answer and affirmative or other defenses accordingly, and/or to delete defenses that they determine during the course of this litigation are not warranted or required.

## CERTAIN NOTEHOLDER DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, having answered Plaintiffs' First Amended Petition and having raised their affirmative and other defenses, the Certain Noteholder Defendants respectfully pray for relief as follows:

1.      That the Court deny each and every claim, cause of action, and request for damages by Plaintiffs;

2.      Dismissal of all claims brought against the Certain Noteholder Defendants with prejudice;

3.      An award to the Certain Noteholder Defendants of their costs and expenses, including but not limited to attorneys' fees, costs and expenses incurred in defending against this action; and/or

4.      Recovery of such other legal or equitable relief to which the Certain Noteholder Defendants may be entitled.

Dated:  January 7, 2017

Respectfully submitted,

*/s/ J. Laurens Wilkes*
J. Laurens Wilkes
Texas Bar No. 24053548
Email:  jlwilkes@jonesday.com
Nicole M. Perry
Texas Bar No. 24056367
Email:  nmperry@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002-2712
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600

Steve A. Chiscano
Texas Bar No. 24001882
Email:  schiscano@gcaklaw.com
David S. Angulo
Texas Bar No. 24001659
Email:  dangulo@gcaklaw.com
Jeffrie Boysen Lewis
Texas Bar No. 24071785
Email:  jlewis@gcaklaw.com
GONZALEZ, CHISCANO, ANGULO,
KASSON, PC
613 N.W. Loop 410, Suite 800
San Antonio, TX  78216
Telephone:  (210) 569-8500
Facsimile  (210) 569-8490

*Attorneys for Certain Noteholder Defendants*

OF COUNSEL

JONES DAY (*pro hac vice* pending for each)

Bruce Bennett
California Bar No. 105430
Email:  bbennett@jonesday.com
James Johnston
California Bar No. 167330
Email:  jjohnston@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

Thomas F. Cullen, Jr.
District of Columbia Bar No. 224733
Email:  tfcullen@jonesday.com
Geoffrey Stewart
New York Bar No. 1257658
Email:  gstewart@jonesday.com
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of January 2017, a copy of the foregoing document was filed via the Court's electronic filing system, which in accordance with Local Court Rule CV-5(b)(1) serves copies upon the attorneys listed below that are registered as Filing Users. Counsel of record for parties that have appeared will be served electronically, including through the Court's electronic filing system, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2). Further, parties who have not appeared will be served via their registered agents or by another authorized or agreed upon manner of service as applicable and appropriate.

*/s/ J. Laurens Wilkes*
J. Laurens Wilkes

Lamont A. Jefferson (10607800)
Emma Cano (24036321)
JEFFERSON CANO
112 East Pecan Street, Suite 1650
San Antonio, Texas 78205-1524
Telephone: (210) 988-1808
Facsimile: (210) 988-1808
LJefferson@JeffersonCano.com
ECano@JeffersonCano.com

Kevin B. Huff
David L. Schwarz
Daniel G. Bird
Michael N. Nemelka
Jeremy S. Newman
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
khuff@khhte.com
dschwarz@khhte.com
mnemelka@khhte.com
jnewman@khhte.com
*Attorneys for Plaintiffs*

Wilmington Trust, National Association f/k/a
Wilmington Trust FSB
Served Via Registered Agent:
1100 North Market Street
Wilmington, DE 19801

U.S. Bank National Association
Served Via Registered Agent:
425 Walnut Street
Cincinnati, OH 45202